**DUNGAN, HOOD & CO., Inc., v.
UNITED STATES.
M–116.**

Court of Claims.
Jan. 14, 1935.

William N. Wood, of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Herbert S. Fessenden, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff seeks recovery of income and profits taxes paid for the year 1918, together with interest thereon.

The plaintiff, a Pennsylvania corporation, with principal offices in Philadelphia, had, during the period involved, a subsidiary corporation of the same name operating under the laws of Massachusetts, with principal office in Boston. Both corporations filed tentative tax returns for the year 1918, on March 12, 1919, the former with the collector at Philadelphia, and the latter with the collector at Boston. The Pennsylvania corporation's tentative return showed an estimated tax liability of $236,912.00, of which 25 per cent., or $59,288.00, was paid to the collector at Philadelphia on the filing of the return. The Massachusetts company's tentative return showed an estimated tax liability of $78,970.00, of which 25 per cent., or $19,742.50, was paid to the collector at Boston with the filing of the return. Subsequently, on June 14, 1919, the plaintiff filed with the collector at Philadelphia a consolidated income and profits tax return for the year 1918, showing total taxes due in the amount of $174,229.16 for itself and subsidiary. Of this amount $154,475.16 was shown on the return to be the tax liability of the plaintiff company and $19,772.00 was shown as the tax liability of its Massachusetts subsidiary. The total taxes shown to be due on the consolidated return ($174,229.16) were duly assessed against the plaintiff on October 15, 1919, and the taxes shown on the information return of the Massachusetts company, $19,772, were duly assessed against that company at Boston on October 18, 1919. This resulted in a duplicated assessment of $19,772.

The plaintiff on December 3, 1919, received a bill from the collector at Philadelphia for $58,386.29, the balance due on the assessment of $174,229.16 made against that company on the consolidated tax return. The plaintiff immediately wrote the collector that the amount demanded was incorrect, stating that the total taxes for 1918 as shown on plaintiff's return was $154,457.16, the entire amount of which had been paid, excepting a balance of $38,614.29. The deputy collector at Philadelphia, on December 8, 1919, advised the plaintiff that an examination of its accounts as carried on the books of that office disclosed that the bill as rendered was correct; that the total tax liability shown on the books was $174,229.16. He stated that the difference between the amount shown to be due on the bill rendered to the plaintiff and the amount the plaintiff claimed to be due on its tax was the amount which had already been paid to the collector in Boston. He further stated that he was transferring, by form 514, the balance of the assessment as shown on the books of that office to apply against the payments made at the Boston office, saying, however, that, if the amount, $19,772, paid at the Boston office, had already been assessed against the account in Boston, it would be necessary for the plaintiff to file a claim for abatement with the Philadelphia office. He then inclosed a bill showing that the correct balance due, plus the $19,772.00 paid in Boston, was $38,614.29, which amount was promptly paid by the plaintiff.

Subsequently, on December 19, 1919, the collector at Philadelphia wrote plaintiff stating that he had been advised by the collector at Boston that the return of net income on file in that district reported a tax liability of $19,772, and that the payment thereof had been credited to the assessment made in Boston, and that the transfer of the excess assessment in the Philadelphia district would not be accepted by the collector of the Boston district. He further stated that it would therefore be necessary for plaintiff to file a claim for abatement for the excess assessment of $19,772 in the Philadelphia district, and inclosed therewith proper form upon which the claim should be filed. The plaintiff on December 30, 1919, filed its claim with the collector at Philadelphia for the abatement of $19,772 of the amount of the tax assessed against plaintiff on the consolidated return, $174,229.16, on the ground that the amount sought to be abated had been assessed against the Massachusetts company at Boston and had been paid by that company. A like claim in abatement was filed with the collector at Boston on May 6, 1920. This claim, however, was not made for the purpose of securing an abatement in respect to the $19,772 assessed against the Massachusetts corporation at

**359**

Boston, that tax already having been paid, but was filed for the purpose of securing officially the particulars as to the payment of such taxes for use in connection with the abatement claim filed with the collector at Philadelphia.

Upon an audit of plaintiff's consolidated return for the year 1918, the Commissioner determined on November 21, 1923, that the correct tax liability on the return was $229,-464.07 instead of $174,229.16, as shown on the return. This amount exceeded the assessments previously made against the plaintiff in the Philadelphia district and against its subsidiary in the Boston district in the sum of $35,462.91.

The Commissioner thereupon rejected the claim for abatement heretofore referred to on the ground that an additional tax was due from the plaintiff for the year 1918 in excess of the amount assessed, in the sum before stated. Subsequently, on January 16, 1924, the Commissioner made an additional assessment against the plaintiff for the year 1918 in the amount of $35,462.91, which was paid at the request of plaintiff by the credit of an overpayment in its favor for the year 1919.

On September 8, 1924, the collector at Philadelphia issued notice and demand upon plaintiff for the balance of the unpaid taxes upon his books for the year 1918 in the sum of $19,575.83; an abatement in the sum of $196.17 having previously been allowed. The notice and demand also included interest. The plaintiff, on July 7, 1926, in response to a further notice and demand for payment from the collector, paid the balance of the tax shown to be due on the books at Philadelphia, $19,575.83, together with $4,646.42 interest thereon from the date the payment was due, December 15, 1919, to November 21, 1923, the date on which the Commissioner rejected the claims for abatement. Claim for refund of the taxes and interest in the amount of $24,222.25 was filed by plaintiff on June 27, 1930, on the ground that "the tax was assessed and/or collected after the period in which the assessment and/or collection could legally be made had expired."

■ The plaintiff in its claim for refund and on the trial of the case assumes that the $19,575.83 tax paid on July 7, 1926, was an additional tax for the year 1918, that it was never assessed against the plaintiff, and that it was collected after the statute of limitations had run against the assessment or collection of taxes for the year 1918. The

plaintiff is in error in this assumption. The tax involved was a part of the fourth installment due on the original assessment of $174,229.16 against the plaintiff in the Philadelphia district. The tax was timely assessed, and the amount involved would have been paid when it became due December 15, 1919, except for the filing of the claim for abatement. Upon the filing of the claim for abatement, the collection of the tax sought to be abated was postponed pending investigation of the merits of the claim. Section 611 of the Revenue Act of 1928 (26 USCA § 2611) withdraws the statute of limitations as to the collection of taxes assessed prior to June 2, 1924, where claim for abatement is filed, and such collection, when stayed by the claim in abatement, is not an overpayment under the provisions of section 607 of the act (26 USCA § 2607), although made after the expiration of the period of limitations on assessment and collection. The facts of the case bring it squarely within the provisions of section 611, and the collection of the deferred payment of $19,-575.83 was timely made. The assessment and collection of interest in the amount of $4,646.42 was authorized by the proviso in section 250 (e) of the Revenue Act of 1918 (40 Stat. 1083) : "Provided, That as to any such amount which is the subject of a bona fide claim for abatement such sum of 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of ½ of 1 per centum per month. * * *"

■ The plaintiff makes no claim that it has overpaid the taxes rightly due from it to the United States for the year 1918. It does not contest the Commissioner's determination that the correct tax liability on its consolidated tax return was $229,464.07, instead of $174,229.16, as returned by it. It claims, however, that, because of the original duplicated assessment in the amount of $19,772, the Commissioner's refusal to abate the same, and his failure to include that amount in his additional assessment of $35,-462.91, plaintiff has been compelled to pay $19,772 additional taxes, never assessed against it, and which were collected after the expiration of the statutory period for the assessment and collection of taxes for 1918. In effect, the plaintiff says that upon the Commissioner's determination that additional taxes were due for the year 1918, over those previously assessed against it and its affiliate at Boston, he should have abated a portion of the taxes previously assessed

360

and conceded to be due, and should have reassessed them as part of the additional assessment. There is no merit to this contention. The procedure suggested is not required by the statute, and, had it been followed, the plaintiff would have received no substantial benefit from it other than to be relieved from the payment of interest on the deferred payment on the original assessment.

The plaintiff is not entitled to recover, and the petition is dismissed.